THE STATE v. ELLIS McMURRY et al., Appellants.

Division Two, May 28, 1926.

1. **INFORMATION:** Dynamiting Fish. An information charging, in the language of the statute (Sec. 5616, R. S. 1919), that defendants placed dynamite in certain waters of this State, with intent to kill and catch fish, is sufficient.

2. **EVIDENCE:** Demurrer: Waiver. The demurrer to the evidence presented by the State having been overruled, the defendants, by offering evidence in their own behalf, instead of standing on their demurrer, waive their right to insist that said demurrer should have been sustained, but it then becomes the duty of the jury to consider all the evidence produced.

3. **DYNAMITING FISH:** Sufficient Evidence. Direct and circumstantial evidence pointing unerringly to the guilt of defendants, charged with the felony of placing dynamite in the waters of this State for the purpose of killing and catching fish, if substantial, is sufficient to sustain a verdict of guilty.

4. **INSTRUCTIONS:** Based on Statute. Instructions based on the information and the statute upon which it is grounded, if correct in their language, fair to defendants and properly cover all the law

necessary for the guidance of the jury, including presumption of innocence and the proper consideration of the circumstantial evidence, are sufficient.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 2297, p. 934, n. 50 New; Section 2614, p. 1117. n. 84. Fish, 26 C. J., Section 66, p. 641, n. 9; Section 68, p. 644, n. 30, 33; Section 69, p. 644, n. 38. Indictment and Information, 31 C. J., Section 268, p. 716, n. 21.

Appeal from Douglas Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*North T. Gentry,* Attorney-General, and *James A. Potter,* Assistant Attorney-General, for respondent.

(1) The court did not err in overruling the motion to quash the information. The information was in the language of the statute and is sufficient. Sec. 5616, R. S. 1919; State v. Hodges, 214 Mo. 376. (2) The court's ruling on the demurrer at the close of the State's evidence was waived when the defendants introduced testimony in their own behalf. (3) The court did not err in overruling the demurrer at the close of the whole case. State v. Shout, 263 Mo. 360. In considering a demurrer the court must assume that the evidence offered by the State is true, and if there is any evidence of defendant's guilt its weight is for the jury. State v. Pollard, 174 Mo. 607; State v. Hughes, 258 Mo. 272; State v. Belknap, 221 S. W. 45; State v. Jenkins, 225 S. W. 989; State v. Loness, 238 S. W. 113; State v. Jackson, 283 Mo. 24; State v. Hascall, 284 Mo. 616; State v. Mann, 217 S. W. 67. (4) The instructions given by the court were in due and proper form. (a) Instruction number one: Sec. 5616, R. S. 1919; State v. Hodges, 214 Mo. 376. (b) Definition of feloniously: State v. Richardson, 248 Mo. 563. (c) Instruction number two: State v. Noland, 111 Mo. 473; (d) Instruction number three: State v. Brown, 270 S. W. 275. (e) Instruction number

four: State v. Pauly, 267 S. W. 799; State v. Boes, 262 S. W. 1019. (f) Instruction number five: State v. Noland, 111 Mo. 473.

RAILEY, C.—On September 14, 1925, the Prosecuting Attorney of Douglas County, Missouri, filed in the circuit court of said county, a verified information, which, without caption and jurat, reads as follows:

"Lz Banta, Prosecuting Attorney within and for the County of Douglas, in the State of Missouri, informs the court upon his oath, that Ellis McMurry, Ollie Haynes, Buddy Haynes and Oscar Burks, on the 23rd day of May, 1925, in said County of Douglas, did then and there unlawfully and feloniously place, use, put and throw into the waters of this State, to-wit, certain waters called Beaver Creek, there situated, large quantities of dynamite, to kill and injure fish with intent then and there and thereby unlawfully and feloniously to kill and catch fish in and from said waters, and the said Ellis McMurry, Ollie Haynes, Buddy Haynes and Oscar Burks did then and there by the means aforesaid, unlawfully and feloniously catch and take a large quantity of fish in and from said waters. Against the peace and dignity of the State."

Defendants waived arraignment, and each entered his plea of not guilty. They were put upon trial before a jury and upon September 23, 1925, each of said defendants was found guilty as charged in the information and the punishment of each assessed by the jury at a fine of one hundred dollars, and costs. Thereafter, motions for a new trial and in arrest of judgment were filed and overruled. Thereafter, on the same day, allocution was allowed, judgment rendered and each defendant sentenced in conformity with the verdict aforesaid. On September 23, 1925, an appeal was allowed all the defendants aforesaid to this court.

The evidence in the case is short and is properly summarized by counsel for the State, as follows:

"Quinton Brazeale testified substantially as follows: That on the afternoon of May 23, 1925, he was plowing

corn in his father's corn field about one quarter of a mile from a certain hole of water known as the 'Bluff Hole' in Beaver Creek; that about three o'clock in the afternoon he heard a shot or explosion in the direction of the 'Bluff Hole' which sounded to him like the explosion of dynamite; that five or ten minutes later he went down to the 'Bluff Hole' and there saw two of the defendants with two other boys whom he did not know. He saw the defendant McMurry wading out of the water. The water was dingy like it had been disturbed, and he could see dead fish in it, some of them floating on top and some lying on the bottom. The witness also testified that he saw a hole in the bottom of the creek where gravel had been thrown out and where the explosion had occurred, and also scum on the creek; that he had been swimming in the creek at noon and the hole he saw in the afternoon was not there at the time he was in swimming, and the water was then clear; that the shot had been put off under a root and the gravel had been shoved back and the scum from the bottom of the creek was floating. He went back to this place later in the day and saw dead fish floating on the top, and later he saw the defendants carrying two strings of fish, going toward home.

"Cecil Brazeale testified that he was in the corn field with his brother on the afternoon of May 23, 1925; that he heard the explosion in the direction of the 'Bluff Hole,' but did not go down there immediately with his brother; that about an hour and a half after the explosion he saw the defendants going up the creek with two strings of fish; that a day or two later he went down to the 'Bluff Hole' and saw dead fish in a decomposed condition.

"Labe Hartley testified that on May 23, 1925, he met the defendants in the road about a mile and a quarter from the 'Bluff Hole' on the Brazeale place; that the defendants had two strings of fish and said they got them 'down the creek.' They had some good trout. That this was about four o'clock in the afternoon.

"Kell Ellison testified that he met the defendants at Tigris on the 23rd day of May, 1925; that they had two strings of fish; that the witness examined the biggest one and it felt soft; that he had examined fish that had been dynamited and that they also felt soft like the one he examined in the possession of the defendants. The bones in a fish that has been killed by dynamite are generally loose; that in his judgment the fish he examined in the possession of the defendants had been killed by dynamite.

"The defendants testified in their own behalf and admitted that they were in the 'Bluff Hole' in Beaver Creek at the time mentioned in the State's evidence; that the Brazeale boy came down to the 'Bluff Hole' at the time testified to by him. They admitted that they carried home two strings of fish and admitted that they met the witnesses Ellison and Hartley, but denied that they exploded any dynamite in Beaver Creek on that day; denied that they had any dynamite or knew how to use it, and claimed that they caught all the fish they had with grab hooks and with single hooks. They denied hearing any explosion in or near 'Bluff Hole' or any other place on the afternoon the crime was alleged to have been committed."

The questions presented in the motion for a new trial will be considered in the opinion.

Appellants have filed no brief in this court and, hence, we must look to the motion for a new trial for their assignments of error.

I.    Under this first proposition, they claim the trial court erred in overruling their motion to quash the information, for the alleged reason that it charges no offense under the laws of this State.

Information.

No specific objection to the information is pointed out in said motion, nor is there anything in the record to indicate why they thought it ought to be quashed. The information is heretofore set out, and speaks for itself. The defendants were prosecuted under Section 5616, Revised Statutes 1919, which reads as follows:

"No person shall place or use in any of the waters of this State any medical drug, any *coculus indicus*, or fish berry, or any other poisonous thing or substance, calculated to poison, kill, or injure any fish, nor shall by such means kill, catch or take any fish that may be in said waters, and no person shall place any dynamite, giant powder, nitroglycerin, or any explosive substance of which nitroglycerin composes a part, or any other explosive substance or preparation in any of the waters of this State, whereby any fish that may be in said waters may be killed, injured, or destroyed, and no person by any such means shall kill, catch or take any fish from said waters. Any person who shall violate any of the provisions of this section shall on conviction be adjudged guilty of a felony and punished by imprisonment in the penitentiary for a term not exceeding two years, or by imprisonment in the county jail not less than thirty days, or by fine not less than one hundred dollars, or by both such fine and imprisonment." The information follows the language of above statute and is sufficient as to both form and substance. [State v. Hodges, 214 Mo. l. c. 382; Laws 1915, p. 293.]

(a) The second ground set out in the motion to quash the information proceeded on the theory that the witnesses for the State are not indorsed on the information as required by law. This averment is without evidence to support it. On the contrary the record proper sets out the names of the State's witnesses and recites that they were indorsed on the back of the information.

II.. The court is charged with error in overruling the demurrer of appellants at the conclusion of the State's evidence. We have repeatedly held that where a demurrer to plaintiff's evidence is overruled, the defendants, by offering their evidence, instead of standing on their demurrer, waive their right to object to the ruling of the court supra, as it then becomes the duty of the jury to consider all the testimony in passing upon the case. [Kaemmerer v.

**Demurrer: Waiver.**

Wells, 252 S. W. l. c. 732 and cases cited; State v. Hembree, 242 S. W. l. c. 913-14; State v. Jackson, 283 Mo. l. c. 24 and cases cited (222 S. W. 746); State v. Mann, 217 S. W. l. c. 69.]

III.  It is contended by appellants, that the court erred in overruling their demurrer to the evidence at the conclusion of the case.  The evidence adduced at the trial is heretofore set out and need not be repeated. The facts presented a typical case for the con-

Sufficient
Evidence.

sideration of the jury.  Some of the evidence produced at the trial was direct and some circumstantial, but taken as a whole, it pointed unerringly to the guilt of appellants.  As said by a former member of this court: "Violators of the law in this class of cases, do not proclaim their iniquitious purposes from the housetops," nor do they commit such crimes in the open.  They usually cover their tracks and wait for opportunities to act when the coast is clear and no one present.  In dealing with this class of crimes, it is evident that the State, in the prosecution of such cases, must rely largely on circumstantial evidence, backed by the sound judgment of jurors who are fearless in the discharge of their duties.

We are of the opinion that the State produced substantial evidence in this case tending to show the guilt of appellants.  It is unfortunate, however, for the public, that the jury, after reaching the conclusion that defendants had committed a felony, should have let them off with simply a fine of $100 each.  This is no time for temporizing with this class of crimes.  The State has been recently spending thousands of dollars in purchasing parks, lands and lakes; and in establishing hatcheries to supply the lakes and streams of the State with game fish.  It is the duty of the people in every community to aid the Game Warden in the enforcement of the game law, to see that violators of same are speedily brought to trial and that adequate punishment is inflicted upon those who are guilty.

We hold that the defendants were convicted upon substantial evidence, and that the trial court committed no error in overruling the demurrer to the evidence at the conclusion of the case.

IV.   The only remaining assignment of error in the motion for a new trial is to the effect that the court erred in giving instructions numbered 1 to 5, both inclusive.   No specific objection was pointed out as to any of said instructions.   They are based upon the information and Section 5616, Revised Statutes 1919.   They are correct, fair to defendants, and properly cover all the law that it was necessary for the jury to have, including presumption of innocence, circumstantial evidence, etc.

*Instructions.*

V.   We have fully considered all the questions raised by appellants, and find that they have been properly convicted upon substantial evidence.   The judgment below is accordingly affirmed.   *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court.   All of the judges concur.